G&J Fisheries, Inc. v. Edwina Costa Good morning, Your Honors. Marnix Weber for the appellant Edwina Costa. I respectfully request one minute for rebuttal. Yes, you may have it. This case is on appeal from an entry of default. We ask this Court to remove the entry of default and allow the claimant, Edwina Costa, to file a late claim. Mr. Costa is an injured seaman. He brought a claim for personal injuries in the Bristol Superior Court, filed his complaints, alleged theories of liability and his damages, and later the appellee petitioner filed a complaint for exoneration in the Massachusetts District Court under supplemental Admiralty Rule F. wherein Mr. Costa filed an answer. Prior to the answer, however, the complaint that was filed by the appellee referenced Mr. Costa's claim, referenced the injuries alleged by Mr. Costa. Under Rule F, can a vessel owner even file a proceeding unless there has been a claim made? Isn't the triggering event that a claim is made? Yes, Your Honor, but it doesn't necessarily have to be a formal filing. It could be in the form of a- Right, but there has to be some claim. Yes, Your Honor. And as I understand it, there was essentially one claim, one event that occurred that injured your client. Yes, this is in the context of exoneration cases, a single claimant case to the extent that there's one injury. There was another claim. And the Rule F filing identified that claim as the sole claim. Yes, Your Honor. And then you started litigating it. Your Honor, we exchanged discovery. There was initial disclosures. There was a joint scheduling statement filed by the parties, and the case was proceeding as if this was your typical- So when this issue arose of them saying, ah, but you've also got to file a formal claim by a date, and you didn't do that- Well, Your Honor- Why didn't you just file a document entitled claim and say, whether we had to file that or not, we're doing it? Your Honor, the position that we took at the time was that the answer that we referenced, the injury, was, in fact, a claim as well. Perhaps in an abundance of caution, we should have also filed a claim after the motion filed by my brother, but we took that position. I also note that the other claimant in this party, the Elizabeth and Nikki, who has a derivative claim from our claim, did take that tact and ended up with the same result as being defaulted as well. Let's go back to Judge Chiata's question. Both the federal rule for the response of the injured seaman and the order issued by the federal district court judge required that both an answer and a claim be filed. We are told that your office routinely did that in most cases. Here, for whatever reason, you failed to file a claim, and you are saying it is an abuse of discretion by the federal court not to excuse your failure to file a claim because, in essence, the state court complaint, which triggered the federal proceedings, did state a claim. But why should federal courts have to look at other documents and go back and compare and see whether they, in fact, meet the requirements for stating a claim as opposed to simply insisting that you follow the normal rules? Then, as Judge Chiata just asked you, there was a pretty obvious solution, and you all chose not to follow it. And the district court, when you made the argument to the district court, said, well, that's not really an excuse. And so, no, I'm going to stick with my view that you have to follow what the federal law requires in its adoration. So tell me, how is that an abuse of discretion? Well, the judge in the district court actually applied the wrong standard. So as part of the motion and the opposition to the motion for default, we requested leave to file a late claim. And the leave is typically freely granted in cases where the limitation proceeding is not concluded, that it's ongoing, where there would be no prejudice to other parties. And the two prominent cases are the Texas Gulf Sulphur and the Alter Barge case, which state that it doesn't require a justification, merely an explanation. Our explanation was that we believed that we had filed a claim by identifying in the answer the state court complaint as well as making the affirmative defenses in that answer. I would also note that this court has in a similar instance in U.S. versus one urban lot, although not a one-for-one comparison, in applying supplemental administrative rule C, found that where a claimant filed an answer but not a claim, that the details contained within that answer were sufficient to form a claim and therefore a claim had been filed as well. Okay. Unless you have further questions, I would continue to say that the issue here truly is that the judge at the district court applied the wrong standard. He applied a Rule 60 excusable neglect standard, which is not the standard that's laid out in Texas Gulf and Alter Barge. Texas Gulf and Alter Barge require just an explanation as to why the claim wasn't filed late, not that there was some type of excusable neglect. He cites Texas Gulf and Alter Barge, and then cites In Re Urbelis, which he says suggests that the standard is Rule 60. Well, if you look at In Re Urbelis, there are two footnotes that are dicta in the case that say that perhaps it's the same excusable neglect standard. But that case is distinguishable from the case here. In this case, we filed leave to file a late claim prior to any entry of default. In In Re Urbelis, the potential claimant filed one year after default had been entered and had not been involved in the case to begin with. So the reason that the appeal in this case was taken after the motion, or the order allowing the entry of default, is because if we're appealing the entry of judgment here, then we're talking about a completely different standard. I thought the district court was well aware of your argument and said, well, in any event, you didn't file an acceptable explanation. Well, I don't know that we could have actually filed without leave of the court. No, no. Your argument is he applied the wrong standard. He should have applied the lesser standard of just an explanation. And he says, well, you didn't file just an explanation, and that resolves that matter if that's the standard to be applied. Well, I believe the judge says two things in his order. He says, one, that we didn't provide an explanation, but then he further goes on to say that our explanation wasn't good enough. So, in essence, the judge says that we did provide an explanation, but under the harsher excusable neglect standard, that wasn't good enough for him. So if you remove the excusable neglect, the harsher standard, comparing it to Rule 60, the judge abused his discretion by not allowing us before default had been answered where we are the single claim and no other parties would be prejudiced. In fact, this case was proceeding as if a claim had been filed in the first place, and we were nowhere near resolving the merits of the case. Had the judge applied the correct standard, then he couldn't have arrived at the conclusion that he did. Thank you. I have the argument. Thank you. I would also just point out to the court that Mr. Costa is an injured seaman. There's a long history of seamen being wards of this court, and that the technical issues ought to be remedied in favor of the seaman so that cases may be decided on the merits. I just ask that this court allow this case to be decided on the merits rather than the technical distinction of whether the answer that we filed was a claim or just an answer by allowing us to file a claim in the district court and proceed on the merits. That will be all unless Your Honors have any questions. Thank you. Thank you. Thank you. May it please the Court, Olaf Aperins for the Appellee G&J Fisheries. Your Honors, my brother is essentially arguing in this abuse of discretion case that district courts should have no discretion to accept or reject any explanation that is provided for a failure to file a late claim. In this matter, the explanation was that we believed our answer was a claim. There was no evidence put in the record for that supposed belief, but rather a legal argument that answers suffice as claims. Now the answer filed in this case does not satisfy the elements of a claim under Rule F, per its plain terms. It's been 150 years of admiralty practice, or perhaps over that, that when there is a munition to file claims, whether that be under Rule C, Rule G, or in this case, Rule F, that you have to file the claim by the deadline. Now in the cases relied on my brother that provide a lenient, even very minimal excusable neglect, or I believe it's called weak excusable neglect standard, under those lack standard, the altar bar signs case, that case involved an affirmation, an explanation, that my attorney made a mistake and failed to file that claim. That explanation wasn't provided in this case. Rather, the appellant, Mr. Costa's attorneys, who it's undisputed know that they have to file claims, that's what all the evidence suggests, doubled down over several months since the issue was raised, that they don't have to file a claim, that they can file an answer. What do you propose could have been the motive other than they goofed? Your Honor, in this case, there's an allegation of personal injuries against two different vessels. One aspect of receiving a claim is that you actually know with definitiveness what their, you know, with particularity, under the ICPAL standard of pleading in federal court, what their precise allegation of injury is. And by withholding that precise claim and laying in wait, there's probably a perceived tactical advantage. Let me see if I understand that in this case. You could not have filed this rule proceeding unless there was some claim against your client? Yes, Your Honor. And what claim was it that justified the commencement of this proceeding? Personal injuries sustained on board Georgia's banks. By Mr. Koss. By Mr. Koss on a fishing trip. And then what claim? You then engaged in discovery, written discovery. Yes, Your Honor, which was hamstrung on account of other issues of not appearing before depositions. The default motion was filed. Well, what claims were you conducting discovery concerning? Well, that was, well, interestingly, Your Honor, I was going to ask if the depositions, since no claim was filed, and you can see in the record the deposition didn't take place. Your Honor, the – I guess what I'm getting at is it's hard to imagine a case with less prejudice for a procedural default than this one. Now, maybe prejudice isn't an issue, but it seems like your client clearly knew what claim it was. You actually had a state court pleading. That was what justified you filing this. You then were engaged in discovery about that, written discovery back and forth. How would you have been any better off if they had filed – if they had taken their state court pleading, crossed off the state court caption and put the federal caption and filed it, how would you have been better off? We would have the claim in this matter that would subject them to whatever Rule 11 scrutiny. And I acknowledge, Your Honor, that in this case the prejudice prong is not the driving force. The driving force in this case, Your Honor, is the lack of explanation. And if the appellant is to get its way today, Your Honor, or afterwards, then basically any explanation will do regardless whether it's credible or not. Their explanation at length was that they didn't think they needed to file another document because between their state court filing and their answer in particular, they had satisfied the rule. That was their explanation. Right, Your Honor, which was insufficient under the plain terms of Rule F, under the clear case law. But it certainly was an explanation. Right, Your Honor. When you say it's insufficient, all you're saying is that it was wrong as a matter of law. It was wrong as a matter of law. And further, Your Honor, the district court was well within its discretion to not find it convincing on account of the factual record, which shows that it was well known that a claim was necessary by counsel. And further to the point, Your Honor, there's substantial case law that finds that the idea that an answer is not sufficient, neither is a state court complaint sufficient. And those cases are cited in our brief. And there are several cases that state that attorney inadvertence or mistake isn't a sufficient explanation. But that explanation wasn't even proffered in this case, Your Honor. The explanation was an answer is a claim. And rather than filing the claim, admitting to the error, we had to argue over whether an answer is a claim or a claim is an answer, when clearly an answer is not a claim. And clearly under the law, filing a state court complaint isn't filing a claim in a limitation proceeding. In point of fact, filing a state court complaint often triggers the obligation to file the limitation proceeding, at which point in time the claimant must file a claim in that proceeding. And that's not disputed now, Your Honor, but it was disputed at the district court level. Your Honor, and further to the point in our arguments, the standard that Judge Gordon applied was absolutely correct. We provide in our brief a long-storied history of Rule F and limitation proceedings, and it's always been an equitable calculus. The Texas Gulf Sulphur case that is relied upon by Mr. Costa affirms that proposition. And under the equitable calculus that's been traditionally employed in Rule F and under Admiralty Rule 51, which is the predecessor of Rule F, the standard employs an excusable neglect calculus, whether that's weak or not. But a weak showing wasn't made here, Your Honor. The judge properly exercised discretion to reject the explanation as credible. And that discretion should not be disturbed. Just as the Fifth Circuit held in Texas Gulf Sulphur, and just as it should be held in these types of cases. The courts should have a wide latitude on whether to grant or allow late claims under Rule F. And when the attorneys or the claimant is not being forthright about their explanation, the district court is perfectly free to reject it when the evidence suggests as such. You say they're not being forthright as opposed to simply saying they're wrong. If they were not being forthright, that would suggest, again, some nefarious motive of some type. And I'm still having trouble seeing that. You seem to suggest they had in mind violating some other. The district court said their failure to admit to the error undermines their good faith. I believe that's said in the decision. Rather than just admitting we didn't file the claim timely, let's file the claim, which maybe if they did that, Your Honor, we wouldn't be here today. Instead they explained why they didn't. No, instead they said that an answer is a claim, which is incorrect. Right, so their explanation was wrong. Yes, Your Honor. So you lose if you give the wrong explanation? It seems you would always win if you had a right explanation. Well, does that allow us to just say, well, I'm not going to follow these rules that I clearly have followed in other cases, which is demonstrated in the record, and I'm just going to say, well, I believe my answer was a complaint. And if the judge says, I don't think so, I don't agree with you, I think the district court is perfectly allowed that decision shouldn't be disrupted. If there's nothing else in the record to suggest otherwise, and there really isn't, Your Honor. No evidence. And under the standard, and this is not just quoted by the Fifth Circuit, this is, you know, Judge Barrows cited this in her decision in her appellate, and it's also cited in a very renowned treatise, Benedictine Admiralty, that you have to present some form of evidence, evidentiary showing, not just a legal argument, not just saying the answer suffices if I have a district court complaint, even though there's no legal authority to suggest that is true. But Benedict says you have to provide some form of affidavit or evidence, and that wasn't provided. And when Costa had the opportunity to provide that evidence, the affidavit that was provided was essentially, well, I didn't know the court wanted me to say I made a mistake. I mean, that doesn't make an explanation of why the claim was filed late. And so that being insufficient, Your Honor, I think the district court's discretion should not be disturbed and the decision should be affirmed. I'll yield to any more questions that the court may have, and I'll rely on my brief. Oh, one last thing before I forget. The one urban lot decision was cited in the reply. Your Honor, that decision is – I don't have an opportunity to respond to it other than here. That decision is distinguishable from this case. There, the answer contained all of the elements of what a claim would contain, including a verification. There is a subsequent First Circuit case, U.S. v. $23,000 in Currency, 356 F. 3rd, 157, 2004, where the claimant filed an administrative claim with the DEA, filed an unverified answer, and the First Circuit rejected their claim that that was sufficient under the one urban lot decision. I would like to distinguish that case here because it was raised in reply and an oral argument by my brother. Thank you. I would just like to make two separate points. The first, our office has filed claims in exoneration actions before, including cases with Mr. Aperin's. If you look at the history of those cases, not a single one of those cases involves – was a case where we had previously filed a state court claim. Typically, those were cases where either there was a vessel sinking and loss of life, or we had provided a demand letter where after the opposing counsel had filed the exoneration action. That is how this case and our explanation is distinguishable from the other instances where we have filed a claim. Just with regard to the Rule C, one urban lot case. I'm sorry, did you file an affidavit with the district court to that effect, or are you merely arguing that to us? I'm merely arguing that to you now. Okay, go on to your next point. My brother points out that in the Rule C line of cases, one case where a verified answer was allowed to form the basis of a claim. Another one where an unverified answer was not allowed to form the basis of the claim. Rule C, though similar, is slightly different than Rule F in the fact that Rule C requires a verified claim and answer, whereas Rule F contains no such language requiring verification. Thank you.